# WILLIAM T. LAYMAN *v.* NANCY E. LAYMAN

[No. 94, September Term, 1977.]

*Decided February 14, 1978.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Conrad W. Varner,* with whom was *W. Berkeley Mann, Jr.,* on the brief, for appellant.

*Hans S. Goerl,* with whom were *W. Kennedy Boone, III* and *Wachs, Kreykenbohm & Boone* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

In a separation agreement executed on July 10, 1974, and incorporated by reference in a subsequent divorce decree, the parties to this appeal by paragraph nine covenanted that they would "devise and bequeath unto their four ... children ... all of their interest in their real estate now owned by them as tenants by the entireties ...." [1] In this declaratory judgment action instituted by his former wife, the appellant father of the children maintains that he is complying with his obligation under the agreement by providing in his will that the children should receive the monetary sum of $18,497, which represents one-half of the July 1, 1974, value of the equity in the properties involved. Since we find from the plain and unambiguous contractual language employed by the parties that the appellant's contention is without substance, we will, with a minor modification, affirm the decision of the trial court to that effect.

The parties, William T. and Nancy E. Layman, were divorced in November 1974 after having in the previous July entered into a separation agreement containing the just quoted clause. The real estate involved consists of three rental properties which are subject to mortgages and the income from which, at least since February 1975, has been sufficient to pay the mortgage obligations, taxes, and other necessary expenses. The separation agreement also provides in paragraph five for appraisal of those properties and allows Mrs. Layman to choose any of them and exchange equities

---

1. Paragraph nine reads:

Each party hereto agrees that he and she shall devise and bequeath unto their four said children equally and per stirpes all of their interest in their real estate now owned by them as tenants by the entireties, their respective interests in the securities which were formerly owned by them by the entireties and recently have been severed into sole ownership half and half, and also whatever capital sums they may hereafter receive from the estate, including under any testamentary trusts, of William's father, Walter J. Layman; provided, however, that if one of their children dies without issue, then that share shall pass to the other surviving children of the parties or the then living issue of those other children.

with Dr. Layman in the others; in the event she chooses not to acquire any, Dr. Layman is obligated to buy her equity at the appraised value, with the adjustment of the account between the two to be reckoned as of July 1, 1974.[2] In January 1975 Dr. Layman remarried, and in February published his will, in paragraph 7(b) of which he bequeathed to the children a sum he states to be equal to the value of his equity interest in the property as of July 1, 1974.[3] Pursuant to paragraph five of the July 10 agreement, the appellant purchased his former wife's interest in the properties; however, the transaction was not consummated by delivery of the deeds to the appellant, according to Mrs. Layman, because of the manner in which Dr. Layman wrote his will.

On January 13, 1977, the appellee filed her complaint in the Circuit Court for Washington County, seeking a declaration that: (1) by his will the appellant was acting contrary to the provisions of the separation agreement, (2) the meaning and intent of the agreement was that at appellant's death he would devise to the children a fee simple title to the properties, and (3) the meaning of the agreement was to give

---

2. The relevant portion of paragraph five reads:

Once the equities of the parties in the rental properties and the residence have been ultimately determined [by appraisers selected pursuant to the earlier provisions of this paragraph], then Nancy shall have an option to choose within seven (7) days any of the rental properties at the final appraised value and exchange equities with William in the others, any difference in shares being adjusted by cash. If Nancy does not desire to retain any of the rental properties, William shall buy out her equity in those rental properties at the appraised value, settlement therefor to be within thirty (30) days after the decision is made that he shall purchase her equities. In all such divisions of interests, each shall bear his/her respective half of State transfer and documentary stamp taxes. The adjustment of the account between the parties shall be reckoned as of July 1, 1974; rental income and expenses prior to July 1, 1974, shall continue to be treated as joint ownership and joint obligations.

3. That paragraph of the will reads in pertinent part:

(b) I give equally among such of my four (4) children viz., William, II, Barbara, Pamela and Nanette, . . . my one-half (½) of the July 1, 1974 value of equities in those three rental properties in Hagerstown identified as 103-105 East Washington Street, 42 Broadway, 16-20 ½ Belview Avenue . . . . As of said valuation date, my one-half (½) of those equities, as determined by appraisals by Joseph Rowe, were: (i) in the East Washington Street property, $2,823.00; (ii) in the Belview Avenue property, $6,111.50; and (iii) in the Broadway apartment house, $9,562.50.

the appellant a life estate in the properties, with a remainder to the four children. After a hearing the trial court (Naughton, J.) on March 16, 1977, entered its judgment declaring that the parties intended a testamentary disposition of the properties in fee simple to the children and that pursuant to the separation agreement the appellant had limited himself to a life estate in the properties with a remainder in fee simple to the children. Dr. Layman noted a timely appeal to the Court of Special Appeals, and we granted certiorari prior to consideration of the matter in that court.

The appellant's preliminary contention that no justiciable controversy existed so that the trial court had no power to grant declaratory relief is without merit. While a justiciable controversy is a prerequisite to the maintenance of a declaratory judgment suit, *Reyes v. Prince George's County,* 281 Md. 279, 287-88, 380 A. 2d 12, 17 (1977); *Harford County v. Schultz,* 280 Md. 77, 86, 371 A. 2d 428, 432-33 (1977); *Hamilton v. McAuliffe,* 277 Md. 336, 339-40, 353 A. 2d 634, 637 (1976); *Patuxent Co. v. Commissioners,* 212 Md. 543, 548, 129 A. 2d 847, 850 (1957), we have many times held that such a controversy exists where interested parties assert adverse claims upon an accrued state of facts wherein a legal decision is sought or demanded, *Reyes v. Prince George's County, supra* at 288 [17] (citing cases), and there is no question here that those requirements have been met — a legal decision is sought as to the construction of a provision of a contract already executed, the obligations of which one party has purported to fulfill in a manner alleged by the other to be contrary to the agreement. A clearer example of interested parties, adverse claims, and accrued facts would be difficult to come by. The appellant's subsidiary argument that the trial court, even if it had the power to order declaratory relief, abused its discretion in doing so is equally without merit. The Maryland Uniform Declaratory Judgments Act, Md. Code (1974 & 1977 Cum. Supp.), §§ 3-401 to -415 of the Courts Article, specifically contemplates that "[a]ny person interested under a . . . writing constituting a contract . . . may have determined any question of construction . . . arising under the contract . . . ," *id.* § 3-406 (1977 Cum. Supp.), and

that a contract may be construed before or after a breach. *Id.* § 3-407. It further provides that a court may grant a declaratory judgment "if it will serve to terminate the uncertainty or controversy giving rise to the proceeding" and if, as here, an actual controversy exists between contending parties. *Id.* § 3-409 (a).[4]

The appellant's primary argument is that the chancellor was clearly erroneous when he determined that the parties' intention by paragraph nine of the contract was to provide for a fee simple disposition of the properties upon the death of Dr. Layman. While we disagree with the doctor on that point we find there is no need to decide whether there exists an unexpressed intent of the parties, since the language of the agreement is clear and unambiguous. It is well-settled that in such a case there is no room for construction, and it must be presumed that the parties meant what they expressed, the true test being what a reasonable person in the position of the parties would have thought the language used by them meant. *Krieger v. J. E. Greiner Co., Inc.,* 282 Md. 50, 67, 382 A. 2d 1069, 1078 (1978); *Board of Trustees v. Sherman,* 280 Md. 373, 380, 373 A. 2d 626, 629 (1977); *Billmyre v. Sacred Heart Hosp.,* 273 Md. 638, 642, 331 A. 2d 313, 316 (1975) (citing cases). Here Dr. Layman agreed to "devise ... all of [his] interest" in the three parcels of real estate — and no reasonable person could think this actually meant he would bequeath only the value of his equity in the property as of July 1, 1974. As Dr. Layman would have it, he can comply with the agreement to devise "all of [his] interest" — by making a monetary bequest — and at the same time retain all of his interest, including the right to dispose of the property in whatever manner he chooses. This is an interesting feat, but one we cannot endorse. An agreement to devise all one's interest means exactly that, and a person under such an

---

4. Dr. Layman's other contentions in this phase of his argument are scarcely worthy of comment. That the couple's children were not parties to this suit to construe the separation agreement is wholly irrelevant, *see* Md. Rule 203 b (person with whom contract has been made for benefit of another may bring an action in his own name without joining persons for whose benefit action is brought), and no reason whatever appears why, with the parties having different views concerning it, the question of "what interest the appellant could properly demise to his children cannot be decided until appellant's death."

obligation cannot with impunity deal with the property in a manner which would prevent any part of his interest in it from passing, at the time of his death, in accord with that covenant. Furthermore, although probably not controlling, one does not "devise" money: A devise is a gift of real property by the last will and testament of the donor. *Black's Law Dictionary* 539 (rev. 4th ed. 1968). And there is no other real property in paragraph nine of the agreement to which the word "devise" could apply. *See Scott v. Shuffler,* 269 Md. 432, 437, 306 A. 2d 531, 534 (1973). If the parties intended to do other than devise all their interest in the property which is the subject of this dispute to the children, they did not intimate any such intent, and accordingly are bound by the clear meaning of the language used.

In a related argument, the appellant maintains that the trial court erred as a matter of law in determining that Dr. Layman has a fee simple interest which he is required to devise, arguing that he has only "an equity of redemption and certain other incident rights, the quantum of which has been determined as of the date of the separation agreement," and that it is this interest which was agreed to be devised. While not entirely clear, the contention is apparently that because the property is mortgaged, Dr. Layman does not hold legal title and thus possesses no fee simple interest to devise. The argument fails for reasons fundamental to the law of real property in this State:

> Notwithstanding the mortgages upon the property, the mortgagors [hold] the equity of redemption, the real and beneficial estate, equivalent to the fee simple at law, descendible by inheritance, devisable by will, and alienable by deed, as any other absolute estate of inheritance. To all intents and purposes [the mortgagors hold] the *absolute* interest in the property . . . ; the mortgages [are] but temporary and incidental incumbrances, and [can] not operate to render their interest a *limited* one.
>
> Upon no sound principle of construction, relating to the nature and qualities of estates, can the

> interests of the mortgagors, as holders of the equitable fee-simple, be divested, or reduced to a qualified or inferior estate. [*Washington Fire Ins. Co. v. Kelly,* 32 Md. 421, 440-41 (1870).]

*See Mizen v. Thomas,* 156 Md. 313, 318-19, 144 A. 479, 481 (1929). In any event, whatever name is given to Dr. Layman's interest in the property, it is clear that by the provision in his will now before the Court he devises neither a "fee simple" nor an "equity of redemption and certain other incident rights," but merely bequeaths a monetary sum. By so doing, he does not comport with the separation agreement, under the terms of which he contracted to turn over his interest, through a testamentary devise, to his children at the time of his death, thus having the effect of limiting himself to a life estate in the property.[5]

Finally, the appellant asks this Court, should it find that the chancellor below was correct in all respects, to remand the case for various further findings, including a determination of (1) the validity of Dr. Layman's will, and (2) the nature of the interest which Mrs. Layman is to convey to her former husband under the provisions of paragraph five of the separation agreement. As for the former, the suggestion is unacceptable, since no such determination was sought below. As for the latter, the appellant is correct that he is entitled to know whether, because of paragraph nine of the separation agreement, Mrs. Layman, having herself contracted to devise the property to the children, has only the equivalent of a life estate to convey to the doctor. However, no remand is necessary; we think it obvious that by paragraph five of the agreement the parties intended that each of the three parcels of then jointly-owned property become, when the provisions of that paragraph are fully executed, wholly owned by either Dr. or Mrs. Layman free of any interest by the other, but subject nevertheless to the requirement of

---

5. This does not mean that Dr. Layman is now vested with only a life estate in the property. It does, however, mean that his interest is subject to the contractual obligation he assumed under the separation agreement.

paragraph nine that whichever of the two parents eventually acquired each of the parcels devise it to the children upon his or her death. Accordingly, the judgment will be amended to encompass this declaration.

> *Declaratory judgment amended to include the additional declaration set out in this opinion, and as amended the judgment is affirmed.*
> *Costs to be paid by the appellant.*