578 A.2d 314

William T. LAYMAN, II, et al.

v.

Rosalie Ann LAYMAN, Personal Representative of the Estate of William T. Layman, et al.

No. 1684, Sept. Term, 1989.

Court of Special Appeals of Maryland.

Aug. 31, 1990.

As Amended Nov. 8, 1990.

**184**

Andrew M. Steinberg (Lerman & Steinberg, on the brief), Washington, D.C., for appellants.

Robert E. Heggestad (Casey, Scott, Canfield & Heggestad, P.C., on the brief), Washington, D.C., for appellee, Nicholson.

Richard F. McGrory, McGrory & Schaefer, Omer T. Kaylor, Jr. and Kaylor & Wantz, on the brief, Hagerstown, for appellee, Rosalie Ann Layman.

Argued before MOYLAN and KARWACKI, JJ., and JAMES S. GETTY, J., Retired, specially assigned.

GETTY, Judge.

The sole query presented by this appeal is whether the Circuit Court for Washington County (Wright, J.) erred in dismissing a legal malpractice claim filed by the surviving children of Dr. William T. Layman against Susan A. Nicholson, Dr. Layman's attorney. The answer requires that we determine whether an attorney who prepares a will in accordance with a client's instructions owes any duty to third party beneficiaries affected by the testamentary disposition. Judge Wright held that no privity existed between the attorney and third parties and appellants had no standing to sue Nicholson. He also determined that appellants failed to establish a cause of action for negligence.

A brief review of the facts giving rise to the present controversy begins with a separation agreement executed in 1974 between Dr. Layman and Nancy E. Layman, his wife. Both parties, in contemplation of a divorce, agreed that the real estate then owned by them as tenants by the entireties, consisting of three rental properties, should be devised and

bequeathed unto their four children. The agreement was subsequently incorporated into the divorce decree.

In January, 1975, Dr. Layman married Rosalie Ann Layman, one of the appellees herein. One month later he published his will wherein he devised to the children a sum of money which he alleged to be equal to the value of his interest in the three properties. Nancy Layman, the former Mrs. Layman, then sought a declaration that the will was contrary to the terms of the separation agreement. On appeal from the Circuit Court for Washington County, the Court of Appeals held that whichever of the parties eventually acquired the properties was required to devise the same to the children on his or her death. The Court stated that Dr. Layman was not vested with only a life estate, but having acquired Nancy's interest, he was subject to the contractual obligation he assumed under the separation agreement. *See Layman v. Layman,* 282 Md. 92, 382 A.2d 584 (1978) (opinion by Digges, J.).

In April, 1987, Dr. Layman retained an attorney, Susan Nicholson, one of the appellees, to assist in the preparation of his will. He provided her with a copy of the 1974 separation agreement and, in accordance with that agreement, Nicholson included in the will a devise of the properties to the surviving children.[1] Whether Nicholson was aware of *Layman v. Layman* is unclear, but she did not represent any of the parties in the earlier litigation and the will she prepared was in accordance with the holding in *Layman v. Layman.* The children were also bequeathed the sum of $118,849.85 less the expenses of administration of the estate. Whatever other real estate was owned by Dr. Layman apparently became the sole property of Rosalie Layman as the survivor of property owned as tenants by the entireties.

---

1. One property had been sold. The children were to receive the remaining two properties and the proceeds of the sale of the third which were held in trust by Dr. Layman.

On October 12, 1987, Dr. Layman died and Rosalie was appointed personal representative of the estate. As a surviving spouse, Rosalie elected to take her statutory share of her husband's estate pursuant to Estates & Trusts Article, sec. 3–203. This turn of events resulted in a complaint filed by the surviving children against Rosalie Layman and Susan Nicholson alleging breach of contract, fraud, collusion, malpractice, and that Dr. Layman had only a life estate in the properties involved. This appeal raises only the issue of the dismissal of the malpractice action against appellee Nicholson. That issue was briefed and argued in the circuit court pursuant to appellees' motions to dismiss under Md. Rule 2–322(b).

The allegations of malpractice, Count IV, are as follows: Plaintiffs incorporate by reference the allegations contained in paragraphs 1–36 of this complaint.[2]

38. Defendant Susan Nicholson, in breach of her duties to her client, William T. Layman, failed to inform said client that certain precautions needed to be taken in order for him to comply with the terms of the Agreement so that the real and personal property that he was required to devise to his children would in fact be owned by his children in fee simple upon his death.

39. Defendant Nicholson knew or should have known that a surviving spouse can waive the provisions of the decedent's will and elect to take his or her statutory share.

40. Defendant Nicholson was given a copy of the Agreement prior to preparing decedent's will and negligently prepared said will in that she did not foresee the possibili-

---

**2.** In paragraph 25 (Breach of Contract) the appellants allege an oral agreement between Dr. Layman and Rosalie Layman whereby Dr. Layman would place all his assets, excepting the three properties, in joint ownership with Rosalie in exchange for her non-assertion of any rights to the three properties. If proved, this would establish that Dr. Layman knew Rosalie may renounce under the will. Nicholson, therefore, could not be negligent in failing to advise him of that possibility.

ty of the decedent's surviving spouse, Defendant Layman, waiving the provisions of said will and taking her statutory share.

Appellants' issues are:

1. Whether privity actually exists between appellants and appellee Nicholson because the court applied the wrong test to determine appellants' standing to sue.
2. Whether we should create a specific exception to the strict privity rule for attorney malpractice in the case of third party beneficiaries of a will.

Addressing appellants' second assertion, we decline the invitation to create any new law for the reason, among others, that this case can be decided upon existing case law.

■ For more than one hundred years the general rule has been that an attorney is not liable, in an action arising out of his professional duties, to one other than his client in the absence of fraud or collusion. *See National Savings Bank v. Ward*, 100 U.S. 195, 25 L.Ed. 621 (1880). Maryland adheres to this rule. The Court of Appeals adopted that view in *Wlodarek v. Thrift*, 178 Md. 453, 13 A.2d 774 (1940), an action for breach of contract, and in *Kendall v. Rogers*, 181 Md. 606, 31 A.2d 312 (1943), an action based on negligence. We followed the traditional rule in *Clagett v. Dacy*, 47 Md.App. 23, 420 A.2d 1285 (1980).

■ The Court of Appeals, in *Flaherty v. Weinberg*, 303 Md. 116, 492 A.2d 618 (1985), relied upon by appellants herein, recognized a limited exception to the strict privity rule in attorney malpractice cases where a cause of action is stated under the third party beneficiary concept. The Court said:

The sole exception that we have recognized to this rule [strict privity] is the third party beneficiary theory.... Thus, to establish a duty owed by the attorney to the nonclient the latter must allege and prove that the intent of the client to benefit the nonclient was a direct purpose of the transaction.... If the third party alleges and

proves the remaining elements of a negligence cause of action, he can recover against the attorney in negligence. 303 Md. at 130–31, 492 A.2d 618.

Appellants argue that they have standing to proceed under the exception to strict privity in legal malpractice actions delineated in *Flaherty, supra,* and that Maryland should create a specific exception to the strict privity rule for attorney malpractice in third party beneficiary cases.

In *Flaherty, supra,* the Flahertys entered into a contract of sale for the purchase of a home in Frederick County. The purchase was financed by a mortgage loan from First Federal Savings and Loan Association of Hagerstown. At settlement, First Federal retained the law firm of Weinberg, Michel and Sterns to represent it. The Flahertys, Weinberg knew, had not retained separate counsel.

Weinberg assured the Flahertys that the dwelling on the property was located within the described property lines. Five years later, the Flahertys learned that their water supply, swimming pool, and driveway all encroached upon their neighbor's property. Upon request by the Flahertys, Weinberg produced a survey, which had been ordered by First Federal, that revealed the encroachments. That survey, however, was not completed until four weeks after settlement on the property took place.

The Flahertys then sued both Weinberg and Wilbur Ford, a surveyor, who prepared the earlier survey that all parties relied upon at the time of settlement on the property. The Flahertys asserted three causes of action: (1) negligence; (2) breach of warranties; and (3) negligent misrepresentation. The court held that the negligence count was demurrable, because a prerequisite for maintaining a negligence action against an attorney is that the plaintiff establish an employment relationship between himself and the attorney. *See Kendall v. Rogers,* 181 Md. 606, 31 A.2d 312 (1943). The demurrer to the warranties count was also sustained for reasons not relevant to the case before us. The Court held, however, that the negligent misrepresentation count

survived the demurrer based upon the following factual allegations:

[t]he hiring of [Weinberg] was intended to benefit the lender as well as the purchasers in that both had identical interests in the property. The plaintiffs were intended, either expressly or impliedly, to benefit from the defendant attorneys' undertaking in this matter.

*Flaherty, supra,* 303 Md. at 138–39, 492 A.2d 618.

In the case *sub judice* the appellants do not allege that the intent of the client, Dr. Layman, to benefit the non-client, the appellants, was a direct purpose of the transaction. Instead, they allege negligent preparation of the will by failing to foresee the possibility of the surviving spouse waiving the provisions of the will and taking her statutory share. We construe appellees' attorney malpractice count as being an allegation of negligence. Without first alleging that they were intended third party beneficiaries, the appellants have not stated a third party beneficiary claim and, therefore, we do not reach the second level of proof of facts establishing negligence. The negligence claim cannot stand alone, because there is no employment relationship between the attorney and the appellants. *Kendall v. Rogers, supra; Flaherty v. Weinberg, supra.*

Additionally, *Flaherty* differs from the present case in that Weinberg, although not retained by the Flahertys, met with them and assured them that the title to the property they were buying was free and clear of any cloud and later failed to advise them of the defects revealed by a second survey. In the present case, the attorney had no communication with any of the appellants, confessed no error, and, in fact, carried out the mandate of the separation agreement and the holding of the Court of Appeals in *Layman v. Layman.* There is no alleged reliance by the appellants on representations by Nicholson, nor did Nicholson provide any documents to appellants as Weinberg did to the Flahertys.

We think the holding in *Kirgan v. Parks,* 60 Md.App. 1, 478 A.2d 713 (1984), is relevant to the case before us. The

issue in *Kirgan,* as here, raised the specific question of whether a testamentary beneficiary has standing to sue the attorney who drafted the testator's will. Judge Bloom made it crystal clear that the answer to that question is "a definite maybe." Mary Kirgan referred her elderly, wealthy friend to Kirgan's attorney for the purpose of changing a Last Will and Testament that would enrich Kirgan. To her understandable dismay, Kirgan received about $7,000 of tangible personal property. The balance of the estate, $5,000,000, went to a charitable trust.

Kirgan sued her attorney, alleging, alternatively, negligence in preparing the Will, negligence giving rise to a claim as a third party beneficiary of the contract between the testator and attorney, and legal malpractice in failing to advise her of the statutory rights she would enjoy as a surviving spouse. The "definite maybe" became "no way, Jose" in Kirgan's case where we said:

> For purposes of this case, it is sufficient to hold, as we do, that a testamentary beneficiary (or one claiming to be an intended beneficiary) has no cause of action against the testator's attorney for alleged negligence in drafting the will when, as in this case, the will is valid, the testamentary intent *as expressed in the will* has been carried out and there is no concession of error by the attorney. (Emphasis in original.)

60 Md.App. at 12–13, 478 A.2d 713.

The facts of this case fall squarely within the *Kirgan* test. The will is valid and, in fact, the appellants do not allege otherwise; the intent of Dr. Layman, as expressed in the will, incorporation of the terms of the separation agreement into the will as required by the Court in *Layman v. Layman,* has been carried out; and Nicholson has confessed no error, because she committed no error. Nothing that Nicholson did or could have done in complying with the separation agreement could preclude Rosalie Layman from exercising her statutory right of renunciation.

Additionally, the trial court held that the appellants' malpractice count failed to state a legal duty to them or to establish that a cause of action for negligence exists. The appellants have not challenged that ruling. Their issues raised on appeal are limited to whether the court applied the wrong test to determine appellants' standing to sue and whether we should create an exception to the strict privity rule. A question not presented or argued is waived and not preserved for review. *Health Services Cost Review v. Lutheran Hospital,* 298 Md. 651, 472 A.2d 55 (1984). Our function does not include scouring the record for error once a party notes an appeal and files a brief. *Federal Land Bank of Baltimore v. Esham,* 43 Md.App. 446, 406 A.2d 928 (1979).

Nowhere in their brief do the appellants raise any claim against the appellee, Rosalie Layman. The appeal, as it relates to Rosalie Layman, is without substantial justification and her motion for sanctions pursuant to Md. Rule 1–341 is granted. On remand, the Circuit Court for Washington County shall determine and award the reasonable costs, including attorney's fees, incurred by the appellee, Rosalie Layman, individually and as Personal Representative of the Estate of William T. Layman.

JUDGMENT AFFIRMED.

REMANDED FOR FUTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLANTS.